IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JACKELYN RODRIGUEZ, individually, and for all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FASTMED URGENT CARE, P.C.,<br><br>Defendant. | Case No.: 5:23-cv-403<br><br>**DEFENDANT FASTMED URGENT CARE, P.C.'S MOTION TO DISMISS** |

NOW COMES Defendant FastMed Urgent Care, P.C. ("FastMed"), by and through the undersigned counsel, and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and L.R. 7.1 and 10.1, and hereby submits this Motion to Dismiss Plaintiff Jackelyn Rodriguez's ("Plaintiff") Class Action Complaint (the "Motion"). In support of its Motion, FastMed shows the following:

1. Plaintiff filed her Class Action Complaint on July 25, 2023. Therein, Plaintiff raises four claims purportedly on behalf of herself and all others similarly situated: (1) violation of the Electronic Communications Privacy Act ("ECPA"), codified at 18 U.S.C. § 2510 et seq.; (2) negligence; (3) invasion of privacy – intrusion upon seclusion; and (4) violation of the North Carolina Electronic Surveillance Act ("NCECA"), codified at N.C. Gen. Stat. § 15A-286.

2. As discussed further in the accompanying Memorandum of Law, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), as it fails to allege sufficient facts to establish injury-in-fact necessary for Article III standing.

3. Further, Plaintiff fails to allege key elements of each of her claims. In particular:

  a. As a participant in the electronic communications at issue, FastMed is exempt from ECPA liability pursuant to 18 U.S.C. § 2511(2)(d). Moreover, Plaintiff failed to plead the use of a "device" required by the ECPA.

  b. In addition to failing to allege damages, Plaintiff's Negligence claim fails to state a duty recognized by North Carolina law under both common law negligence and negligence per se theories.

  c. Plaintiff's Invasion of Privacy claim fails to plead a physical or sensory intrusion, especially considering the voluntariness of her communications with FastMed.

  d. Similar to her ECPA claim, FastMed is exempt from liability under the NCESA, as North Carolina is a one-party consent state.

4. These arguments are discussed more fully in Defendant's Memorandum of Law filed contemporaneously herewith.

WHEREFORE, Defendant respectfully requests that this Court grant FastMed's Motion and dismiss Plaintiff's Complaint WITH PREJUDICE.

This the 22nd day of September, 2023.

                NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Candace S. Friel*
Mark A. Stafford
N.C. State Bar No. 16835
Candace S. Friel
N.C. State Bar No. 36763
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Telephone: (336) 774-3331
Facsimile: (336) 774-3379
mark.stafford@nelsonmullins.com
candace.friel@nelsonmullins.com

Nathaniel J. Pencook
N.C. State Bar No. 52339
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September, 2023, I electronically filed the foregoing using the CM/ECF system, which will send electronic notification of filing to the following:

> Philip J. Gibbons, Jr.
> phil@gibbonslg.com
> Corey M. Stanton
> corey@gibbonslg.com
> Gibbons Law Group, PLLC
> 14045 Ballantyne Corporate Place, Suite 325
> Charlotte, NC  28277
>
> Ryan F. Stephan
> rstephan@stephanzouras.com
> James B. Zouras
> jzouras@stephanzouras.com
> Teresa M. Becvar
> tbecvar@stephanzouras.com
> Michael J. Casas
> mcasas@stephanzouras.com
> Stephan Zouras, LLP
> 222 W. Adams Street, Suite 2020
> Chicago, IL  60606
>
> David J. Cohen
> dcohen@stephanzouras.com
> Stephan Zouras, LLP
> 604 Spruce Street
> Philadelphia, PA  19106

> */s/ Candace S. Friel*
> Candace S. Friel
> N.C. State Bar No. 36763
> 380 Knollwood Street, Suite 530
> Winston-Salem, NC  27103
> Telephone:  (336) 774-3331
> Facsimile:  (336) 774-3379
> candace.friel@nelsonmullins.com